IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CENTENO LOPEZ WESTERN**                                          **PETITIONER**

v.                                                                 CIVIL ACTION NO. 5:20-cv-221-KS-MTP

**SHAWN R. GILLIS**                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Centeno Lopez Western's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

### BACKGROUND

On or about September 25, 2018, Petitioner, an alien from Honduras, was apprehended while attempting to illegally enter the United States in San Diego County, California. *See* [7-1] at 1. The Department of Homeland Security ("DHS") took Petitioner into custody and placed him in "expedited removal proceedings." *Id*. On October 31, 2018, a Citizenship and Immigration Services Officer found that Petitioner was eligible for relief. *Id*. at 2. On November 7, 2018, However, DHS charged him with removability under the Immigration and Nationality Act, and on March 26, 2019, an Immigration Judge denied Petitioner's claims for immigration relief and ordered him removed to Honduras. *Id*. at 2.

On December 14, 2020, Petitioner filed the instant Petition arguing that his extended detention in Immigration and Customs Enforcement ("ICE") custody is unlawful. Petitioner seeks release from immigration custody. On February 5, 2021, Respondent filed a Response [7] arguing that the Petition should be denied because Petitioner has obstructed his deportation by failing to cooperate with officials and, thus, is not entitled to be released from ICE custody.

## ANALYSIS

8 U.S.C. § 1231(a)(1)(A) provides that the Attorney General has ninety days after an order of removal becomes final to deport the alien. "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). The Supreme Court has held that detention of aliens beyond this ninety-day period is acceptable up to six months. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). This, however, does not mean that every alien not removed after six months must be released. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." *Id*. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Additionally, "[a]n alien is not entitled to relief for a delay that he himself has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that delay." *Lusanga v. Ramos*, 2019 WL 2851759, at *2 (W.D. La. June 11, 2019); *see also Mytyuk v. Young*, 347 Fed. App'x 50, 51 (5th Cir. 2009); *Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993) (holding that deliberately withholding information and obstructing INS tolls the six-month removal period).

Along with his Response [7], Respondent submits a declaration by an ICE Assistant Field Office Director, Robert Hagan. *See* [7-1]. According to Hagan, on multiple occasions beginning on September 9, 2019, ICE provided Petitioner copies of required travel document applications and issued I-229(a) Forms, "advising him of the specific requirements to comply with his obligation to assist in making timely application in good faith for travel or other documents

necessary to his departure and/or his obligation not to conspire or act to prevent his removal subject to an order of removal." *Id*. at 2-6.

On September 30, 2019, ICE issued a letter to Petitioner noting his failure to provide "his Honduran National ID number or any Honduran identity documents as requested." *Id*. at 2. Thereafter, ICE issued a similar letter to Petitioner once a month through September of 2020. *Id*. at 3-5.  Then, on October 13, 2020, ICE issued a letter again noting that Petitioner failed to provide an identification number or identification documents but also noting the Petitioner refused to interview with the consulate of Honduras. *Id*. at 5.  ICE continued to issue letters to Petitioner noting his refusal to interview with the consulate of Honduras even after he filed the instant Petition. *Id*. at 6.

Additionally, Hagan states that "[t]he Honduran Consulate is generally cooperative in issuing travel documents for its citizens, and ICE regularly removes aliens to Honduras." *Id*. at 6. According to Hagan, "[o]nce a travel document is issued, there is no foreseeable impediment to Petitioner's removal." *Id*. at 6.

In his Petition, Petitioner asserts that he has "never failed to cooperate for this deportation." *See* [1] at 6.  In a recent Motion [8], however, Petitioner seems to admit that he has not been cooperative, stating that the "allegation that Petitioner is not cooperating resulted from ICE's failure to release the petitioner from detention when such was recommended, since, Petitioner now knowing that he was granted release find it unjust that ICE is seeking to remove him instead to be seeking a way to release him from detention into the United States." *See* [8] at 1.

Petitioner offers nothing more than a bald assertion (which is contradicted by other assertions made by Petitioner) to rebut Respondent's evidence demonstrating that Petitioner has

3

failed to cooperate with removal efforts. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *see also Maxie v. Quarterman*, 2008 WL 4056298, at *14 (S.D. Tex. Aug. 29, 2008) ("Even under the rule of liberal construction, mere conclusory allegations 'are insufficient to raise a constitutional issue.'") (quoting *United States v. Pineda,* 988 F.2d 22, 23 (5th Cir.1993)).

The record demonstrates that Petitioner's own failure to cooperate with removal efforts tolled the running of the removal period and precludes him from asserting a good faith argument that there is no significant likelihood that he will be removed in the reasonably foreseeable future. *See Kourouma v. Warden*, 2019 WL 2895842, at *2 *W.D. La. Apr. 29, 2019) (citing *Benn v. Bureau of Immigration and Customs Enforcement*, 82 Fed. App'x 139, 140 (5th Cir. 2003); *Pelich v. INS,* 329 F.3d 1057, 1060 (9th Cir. 2003)); *see also Lema v. I.N.S.*, 341 F.3d 853, 857 (9th Cir. 2003)("We conclude that 8 U.S.C. § 1231(a)(1)(C) . . . authorizes . . . continued detention of a removable alien so long as the alien fails to cooperate fully and honestly with officials to obtain travel documents"). As it is Petitioner's own lack of cooperation that has prevented his removal, the Petition should be denied.

Petitioner also asserts that Honduras does not have the infrastructure to adequate address COVID-19. To the extent Petitioner is challenging his order of removal, this court does not have jurisdiction to consider such a challenge; the court of appeals is the sole forum for such a challenge. *See Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735-36 (5th Cir. 2005) (REAL ID Act stripped federal district court of jurisdiction over habeas petitions attacking removal orders).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the relief sought in the Petition for Writ of Habeas Corpus [1] be DENIED and that this action be DISMISSED with prejudice. By so recommending, the undersigned does not suggest that Petitioner may be held indefinitely. If, after fully cooperating with the consulate and other officials involved in the removal process, his removal is not likely in the reasonably foreseeable future then he may again apply for relief. Until such time, Petitioner's request is premature.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 30th day of July, 2021.

s/ Michael T. Parker
United States Magistrate Judge
